NOT DESIGNATED FOR PUBLICATION

No. 120,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLEDITH BOHANON,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed August 9, 2019. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: Cledith Bohanon, an inmate at the Hutchinson Correctional Facility, appeals the district court's summary dismissal of his habeas corpus petition. He argues that the district court erred when it dismissed his claims because his petition concerned the statuses of other grievances, and not the substance of the grievances themselves, and he was not properly afforded copies of those grievances. We affirm.

Bohanon, pro se, petitioned for writ of habeas corpus under K.S.A. 60-1501. The petition listed several reasons why he believed the State wrongfully treated him:

"Violation of Bohanon's First, Fourteenth Amendment's [*sic*] Rights.

"1. Denial of my procedural due process rights.

"2. Denial of equal protection of the law.

"3. Violation and or denial of my protected First amendment right."

The petition included a two-page handwritten addendum entitled "Facts" that mentioned his requests and grievances:

"1. Bohanon filed a[n] inmate request to staff member . . . on 4-2-2018 demanding to know the where[]abouts of numerous grievances that never have been answered. . . .

. . . .

"4. On 4-16-18 Bohanon filed the grievance . . . to show he wanted to know the where[]abouts of 10-4-17, 3-25-17 grievances to show for evidence in an appeal in the Kansas Court of Appeals . . . that the defendants never answered, but said they have— where's the answer and or disposition at?

"5. On 2-7-18 Bohanon made another inquiry to find out the status and where[]abouts of grievances dated 8-25-17, 10-4-17 to a then U.T. Graff B-1 H.C.F. on the disposition of (U.T.M.) unit team manager Terrin Hackney B. Cell house H.C.F."

Bohanon's petition concluded with a "demand to have the record of the grievance's [*sic*] the Respondents say they have responded to which is a LIE for court review forthwith."

The correctional facility moved to dismiss Bohanon's claims. In the prison's view, Bohanon was complaining about the facility's alleged failure to answer Bohanon's other grievances. In the motion, the prison noted that K.A.R. 44-15-102(b)(3)(G) permits an inmate to proceed to the next level of the grievance process—an appeal to the Secretary of Corrections—when a facility fails to respond. It believed that there was no sign that

Bohanon followed this process in any of his grievances. In other words, he had failed to exhaust his administrative remedies. The motion called Bohanon's assertions a shell involving complaints about other grievances and failed to state a claim in its own right for any relief.

Ultimately, the district court determined that the purpose of Bohanon's grievance was solely to complain about other grievances which the evidence suggested were returned to him unanswered because Bohanon refused to follow the regulations governing such things. The court found that Bohanon cannot resurrect old grievances:

> "[Bohanon] did allege and prove that he had timely exhausted his administrative
> remedies as to the grievance complaining of other grievances, but the Court also finds
> that [Bohanon] cannot resurrect old grievances nor be excused from following proper
> procedures regarding such grievances in the manner he now attempts."

The court declined to take jurisdiction of Bohanon's prior grievances because Bohanon violated K.S.A. 75-52,138—the law that requires inmates to plead and prove they have exhausted all administrative remedies. In summary, the district court found that his current grievance reported nothing other than complaining about old grievances. The court dismissed Bohanon's petition for failing to state a claim upon which relief could be granted.

To us, Bohanon argues that this case is not about appealing his previous grievances. He claims, instead, that this is an appeal of the failure to follow procedure and provide him with a copy of those prior grievances.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). If, on the face of the petition, it can be

established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists, then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49.

We see no claims of shocking and intolerable conduct here. To the contrary, we see mainly complaints about Bohanon not getting copies of his prior grievances. But by Bohanon's own filings, he possesses the documents he requests. Bohanon included in his habeas corpus petition copies of the August 25, 2017 grievances, the October 4, 2017 grievance, and the April 27, 2018 grievance. All the documents were mailed to Bohanon by the correctional facility in May 2018.

We hold the district court correctly ruled that Bohanon's claim essentially sought to revive his earlier defective claims. The district court did not err when it dismissed Bohanon's petition for failure to state a claim upon which relief could be granted.

Affirmed.